MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Puerto Rico |
|---|---|
| Name (under which you were convicted): Luis A. Garcia-Lopez | Docket or Case No.: 3:19-CR-00121-SCC |
| Place of Confinement: FCC Coleman Camp | Prisoner No.: 53968-069 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) LUIS A. GARCIA-LOPEZ |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court for the District of Puerto Rico

   (b) Criminal docket or case number (if you know): 3:19-CR-00121-SCC

2. (a) Date of the judgment of conviction (if you know): August 9, 2022

   (b) Date of sentencing: January 13, 2023

3. Length of sentence: 84 months as to Count 1, and 60 months as to Count 2 to be served consecutively to each other, for a total of 144 months

4. Nature of crime (all counts):
   Count 1: conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860.

   Count 2: together with others the possession of a firearm in furtherance of a drug trafficking, in violation of 18 U.S.C. § 924(c).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐
   N/A

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒
9. If you did appeal, answer the following: N/A
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
       If "Yes," answer the following: N/A
       (1) Docket or case number (if you know): N/A
       (2) Result: N/A
       (3) Date of result (if you know): N/A
       (4) Citation to the case (if you know): N/A
       (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A
(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒
(7) Result: N/A
(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information: N/A
(1) Name of court: N/A
(2) Docket or case number (if you know): N/A
(3) Date of filing (if you know): N/A
(4) Nature of the proceeding: N/A
(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒
(7) Result: N/A
(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A
(1) First petition: Yes ☐ No ☒
(2) Second petition: Yes ☐ No ☒

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Counsel's failure to object 924(c)'s conviction and sentence in both courts, district and appeals, amounted to ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On the advice of his lawyer, Mr. Garcia pleaded guilty in the United States District Court for the District of Puerto Rico to Count 1 – conspiracy to possess with intent to distributed controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860, and Count 2 – together with others the possession of a firearm in furtherance of a drug trafficking, in violation of 18 U.S.C. § 924(c), of the indictment. However, Mr. Garcia has never possessed any firearm. Pursuant to 18 U.S.C. § 924(c), the government must prove that a firearm was possessed during and in relation to a drug-trafficking offense. But in this case Mr. Garcia never possessed any firearm. If the attorney had properly investigated the facts of the case, he could have sought exculpatory evidence and presented it to the court. But he made no objection to the district court nor did he file an appeal to the court of appeals. Accordingly, Mr. Garcia submits that his counsel rendered ineffective and therefore he was prejudiced.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?   N/A

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) Post-Conviction Proceedings:   N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

N/A

Page 6

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application? N/A

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application? N/A

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? N/A

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

GROUND TWO: The Prosecutor failed to establish a factual basis for the 924(c) firearm offense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Government based the evidence for the 924(c) charge primarily on the 2015 Cantera case. Specifically, AUSA Joseph Russell spoke with Mr. Garcia's attorney and affirmatively told him in writing that Mr. Garcia had served 2 years in prison for that weapon-related case. Further, the prosecutor said that he had hearsay testimony from some witnesses who alleged that Mr. Garcia supposedly possessed a firearm. However, the prosecutor pointed out that he did not have any physical evidence (such as a picture) where Mr. Garcia was with a firearm. The prosecutor "believe[s]" that the 2015 Cantera case and the 2 years that Mr. Garcia supposedly spent in prison were sufficient to satisfy the elements of the 924(c) offense. However, the events in this case revealed that the information the prosecutor was saying was incorrect. All the information to the firearm (including but not limited to 2015 Cantera case) did not belong to Mr. Garcia but from his twin brother (who is codefendant in this case). Nonetheless, the prosecutor did not care about the truth or innocence of Mr. Garcia, and forced him to accept the plea package of the first eight defendants. In other words, that Mr. Garcia had to become accountable for group offense. Accordingly, Mr. Garcia submits that he Fifth Amendment was violated.

(b) Direct Appeal of Ground Two: N/A

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☐   N/A

   (2) If you did not raise this issue in your direct appeal, explain why:
      N/A

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application? N/A
      Yes ☐   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed:
   N/A
   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available):
   N/A

   (3) Did you receive a hearing on your motion, petition, or application? N/A
      Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application? N/A
      Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? N/A
      Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state: N/A
   Name and location of the court where the appeal was filed: N/A

   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available):
   N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

GROUND THREE: The District Court erred when entering judgment on Mr. Garcia's guilty plea under 18 U.S.C. §924(c) to possessing a firearm in furtherance of a drug trafficking crime and sentenced Mr. Garcia for that offense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Based on the aforementioned facts described above, the District Court erred when accept Mr. Garcia's guilty plea under 18 U.S.C. §924(c), and sentencing to 60 months consecutively for such offense. Especially, when Mr. Garcia's PSR was amended few times before sentencing to corrected the confused allegations regarding 2015 Cantera case and firearms allegation.

(b) Direct Appeal of Ground Three: N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐   N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? N/A
Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application? N/A
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application? N/A
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? N/A
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state: N/A
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

GROUND FOUR: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) Direct Appeal of Ground Four: N/A

   (1) If you appealed from the judgment of conviction, did you raise this issue? N/A
   Yes ☐  No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:
   N/A

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application? N/A
   Yes ☐  No ☐

   (2) If your answer to Question (c)(1) is "Yes," state: N/A
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed: N/A

   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available): N/A

   (3) Did you receive a hearing on your motion, petition, or application? N/A
   Yes ☐  No ☐

   (4) Did you appeal from the denial of your motion, petition, or application? N/A
   Yes ☐  No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? N/A
   Yes ☐  No ☐

   (6) If your answer to Question (c)(4) is "Yes," state: N/A
   Name and location of the court where the appeal was filed: N/A

   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available): N/A

Case 3:24-cv-01126-SCC   Document 1   Filed 03/12/24   Page 10 of 13

(e) On appeal:

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:    N/A

(b) Give the date the other sentence was imposed: N/A
(c) Give the length of the other sentence: N/A
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐    N/A

(C)

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

1. The First Circuit has held than an appealed conviction is final when a petition for certiorari is denied. Turner v. United States, 699 F.3d 578, 582 (1st Cir. 2012). Although the First Circuit apparently has not yet decided the issue of when like here an unappealed judgment is final, the Second Circuit has held that "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); see also Martinez-Serrano v. United States, 3:11-CV-01b077-JAF, 3:07-CR-00453-JAF9, 2012 US Dist. LEXIS 171941, at *3-5, 2012 WL 6016663, at *1 (D. P.R. Nov. 30, 2012)(collecting cases and noting that although the Supreme Court and the First Circuit had apparently not yet decided the issue, most if not all other circuit courts that have addressed the issue have held that an unappealed federal criminal conviction is final when the time for filing an appeal expires); but see Mendoza-Miguel v. United States, 7:10-CV-00205-B0; 7:08-CR-00127-B0-1; 2010 US Dist. LEXIS 135077, at *3-4, 2010 WL 5353970, at *1-2 (E.D. N.C. Dec. 21, 2010)(collecting cases and noting that circuit courts are split, citing United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(holding that an unappealed judgment of conviction becomes final on the date the district court enters judgment)). Mr. Garcia founds persuasive what appears to be the majority rule than an unappealed conviction is final when the time for filing an appeal has expired.

2. Pursuant to 28 U.S.C. § 2255(h), Mr. Garcia has "1-year period of limitation" to files his 2255 petition. The period is triggered by the latest of four events, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

3. In this case, the judgment become final on January 13, 2023. The appeal period begin the next day, on January 14, 2023, and expire fourteen (14) days later, on January 27, 2023, pursuant to Fed. R. App. P. 4(b)(f)(A)(i). Thus, Mr. Garcia has until January 27, 2024 to files his 2255 habeas petition to this Court. Accordingly, Mr. Garcia submits that the instant motion is timely pursuant to the prison mailbox rule. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2384-85, 101 L. Ed. 2d 245 (1988)(Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); see also Morales-Rivera v. United States, 184 F.3d 109, 111 (1st Cir. 1999)(holding that the prison mailbox rule applies to § 2255 petitions).

4. Accordingly, this motion is on time

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
For the reasons discussed above, the Movant Luis A. Garcia-Lopez respectfully request to the Court vacate his conviction under 18 U.S.C. §924(c), and remand this matter for a new plea acceptance hearing and a new sentencing hearing for only the Count 1—the conspiracy to possess with intent to distribute controlled substances,
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __January 12th, 2024__ (date).

_____Luis A. Garcia Lopez_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.